UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| ROBERT GUERRERO, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | NO. 1:17-cv-00103 |
| v. | ) | JUDGE CAMPBELL |
|  | ) | MAGISTRATE JUDGE |
| TAMARA FORD, | ) | FRENSLEY |
|  | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**ORDER AND MEMORANDUM**

Pending before the Court are a "motion to hold petitioner's habeas corpus petition in abeyance" (Doc. No. 19) and a "motion for leave for supplemental pleadings" (Doc. No. 20), both filed by Petitioner. Also pending is a motion for an extension of time (Doc. No. 21) filed by Respondent.

**I.    Background**

On November 26, 2017, Petitioner Robert Guerrero filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his conviction of two counts of first degree murder and nine counts of attempted first degree murder, as well as the sentence imposed by the Circuit Court of Maury County, Maury County, Tennessee. (Doc. No. 1). Petitioner filed his petition in the United States District Court for the Western District of Tennessee.

By Order entered on November 28, 2017, the Honorable S. Thomas Anderson transferred the petition to this Court. (Doc. No. 4). The Court conducted a preliminary review of the petition and determined that Petitioner had stated at least one colorable claim for relief. The Court

1

therefore directed Respondent to file an answer, plead or otherwise respond to the petition in conformance with Habeas Rule 5. (Doc. No. 7). Respondent filed an answer on March 20, 2018. (Doc. No 15).

Petitioner then filed motions to hold his petition in abeyance (Doc. No. 19) and for leave to file supplemental pleadings (Doc. No. 20), to which Respondent responded in opposition (Doc. No. 22).

## II. Motion to Hold Petition in Abeyance (Doc. No. 19)

In his petition, Petitioner raises a due process claim based on his sentence of life imprisonment and an ineffective assistance of counsel claim based on trial counsel's alleged failure to inform Petitioner "of the correct amount of time he was facing in order to make an informed decision whether to proceed to trial or negotiate a plea deal . . . ." (Doc. No. 1 at 40). Petitioner asserts in his motion to hold petition in abeyance that a sentence of life imprisonment in Tennessee does not provide for the possibility of release on parole, thereby rendering his sentence of life imprisonment actually a sentence of life imprisonment without the possibility of parole. (Doc. No. 19 at 1-4, 7). And, according to Petitioner, under state law, the State is required to provide written notice of the intent to seek a sentence of life without the possibility of parole and did not in his case, therefore depriving him of his federal constitutional due process rights. (*Id*. at 2, 4-6).

Petitioner now asks the Court to hold his habeas petition in abeyance based on the recent ruling of the Sixth Circuit Court of Appeals in *Brown v. Jordan*, No. 16-6738, 2018 WL 3689660 (6th Cir. Aug. 1, 2018). (*Id*. at 1, 6-8). In *Brown*, the Sixth Circuit certified the following question of law to the Tennessee Supreme Court: "Will a defendant convicted of first-degree murder committed on or after July 1, 1995, and sentenced to life in prison under Tennessee Code Annotated § 39-13-202(c)(3) become eligible for release and, if so, after how many years?" *Brown*,

2018 WL 3689660, at *2. Petitioner argues that his petition should be held in abeyance until the Tennessee Supreme Court rules on the issue because he believes that the Tennessee Supreme Court will hold that life sentences for first-degree murder committed after July 1, 1995, do not have the possibility of parole, consistent with the position he advances in his petition. (Doc. No. 19 at 7). However, Petitioner's argument fails.

Both the State and Brown agree that a prisoner who receives a sentence of life imprisonment will become eligible for release. The issue in *Brown* is not whether a prisoner serving a sentence of life imprisonment will become eligible for release but <u>when</u> release eligibility will occur. Brown contends that a prisoner sentenced to life imprisonment is eligible for parole after serving twenty-five to thirty-six years of the sentence (Doc. No. 22, Attach. 1 at 15) while the State contends that a prisoner serving a sentence of life imprisonment is eligible for release after serving fifty-one to sixty years of the sentence. *Brown*, 2018 WL 3689660, at *2. Therefore, contrary to Petitioner's assertion, the Tennessee Supreme Court's ruling in *Brown* will not provide support for his claim that he received an effective sentence of life without the possibility of parole. For this reason, Petitioner's motion to hold in abeyance pending the decision of the Tennessee Supreme Court in *Brown* (Doc. No. 19) is **DENIED**.

III.  **"Motion for Leave for Supplemental Pleadings" (Doc. No. 20)**

Petitioner asks the Court grant him the opportunity to develop facts pursuant to Rule 6 of the Rules Governing Section 2254 Cases in United States District Courts. (Doc. No. 19 at 8).[1] Respondent contends that Petitioner has not established good cause for the fact-finding procedures he requests. (Doc. No. 22 at 5-6).

---

[1] Petitioner states the relief he seeks in his "motion for leave for supplemental pleadings" in paragraph 40 of his motion to hold in abeyance. (Doc. No. 19 at 8).

Habeas petitioners do not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 924 (6th Cir. 2009). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good cause" is not demonstrated by "bald assertions" or "conclusory allegations." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Willliams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. *Id*. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Id*.

Regarding expansion of the record, Rule 7 states that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. Rule 7's advisory notes state that "the purpose [of the rule] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. "Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief… [i]t may be perfectly appropriate…for the district court to proceed by requiring that the record be expanded." *Id*. (quoting *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970)). Thus, Rule 7 implies that the Court should not permit expansion of the record if the pleadings and state court record adequately resolve Petitioner's claims.

Additionally, if a petitioner moves to expand the record, "the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." *Samatar v. Clarridge*, 225 F. App'x 366, 375 (6th Cir. 2007) (quoting *Owens v. Frank*, 394 F.3d 490, 499 (7th Cir. 2005)). Therefore, Petitioner must also satisfy the statutory prerequisites articulated in Section 2254(e)(2) to expand the record. Section 2254(e)(2) states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
>     (A) the claim relies on—
>
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B).

Here, Petitioner broadly requests discovery "so as to narrow down the material facts in dispute that will help this Court in its determination of the issues raised in the habeas petition." (Doc. No. 19 at 8). However, Petitioner does not identify the discovery that he wishes to obtain. Neither does he identify the claims in the habeas petition for which he seeks discovery. He does

not explain what he expects to uncover through his discovery request, and he does not explain with any specificity how discovery will assist the Court in resolving the claims in the habeas petition. Because Petitioner has failed to establish that he is entitled to discovery, his "motion for leave for supplemental pleadings" (Doc. No. 20) is **DENIED**.

## IV. Conclusion

As explained above, Petitioner's "motion to hold petitioner's habeas corpus petition in abeyance" (Doc. No. 19) and "motion for leave for supplemental pleadings" (Doc. No. 20) are **DENIED**.

Respondent's motion for an extension (Doc. No. 21) is **DENIED** as moot.

The petition is ripe and ready for review.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE